STATE OF CONNECTICUT *v.* HARTLEY MACFARLANE

SPEZIALE, C. J., HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued June 8—decision released September 28, 1982

*Karen F. Tross,* with whom was *Howard A. Jacobs,* for the appellant (defendant).

*Michael Dearington,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Linda K. Lager,* assistant state's attorney, for the appellee (state).

ARMENTANO, J. This case arises out of the death of a seventy-nine year old woman who was asleep on her bed when the defendant and a male friend[1] burglarized her home located in Branford. Upon the victim's awakening during the course of the burglary, either the defendant or his friend caused her death by beating and strangulation.

After a trial to a jury, the defendant was convicted of felony murder in violation of General Statutes § 53a-54c; burglary in the second degree in violation of General Statutes § 53a-102 (a); conspiracy to commit burglary in the second degree in violation of General Statutes § 53a-48; and larceny in the second degree in violation of General Statutes § 53a-123. For these crimes the defendant was sen-

---

[1] Vernon Niles, pursuant to an agreement with the state, pleaded guilty to felony murder, burglary, conspiracy to commit burglary, and larceny, and received a reduced minimum sentence, in exchange for testifying against the defendant.

tenced, on September 5, 1980, to concurrent sentences of twenty years to life on the felony murder count, two to four years on each of the burglary and conspiracy counts, and one to two years on the larceny count.

In this appeal from the judgment of conviction, the defendant claims five errors in the trial court's charge to the jury, all of which claims are based upon timely exceptions. Specifically, the defendant contends that the court erred (1) in denying his request to charge on manslaughter in the first and second degrees; General Statutes §§ 53a-55, 53a-56; as lesser included offenses of felony murder; (2) in denying his request to charge that he could be found guilty of felony murder only if the jury found that he had actually caused the victim's death; (3) in failing to define the element of "furtherance of a felony" in its instructions on felony murder, and in failing to include that element in its summary of the elements; (4) in charging that burglary was a crime against the person and that it is a probable and natural consequence of burglary that death will result; and (5) in overemphasizing the juror's obligation to defer to the views of fellow jurors. Having admitted culpability on the burglary, conspiracy and larceny counts during trial the defendant does not claim error in the charge with respect to those crimes.

The defendant's first claim of error is that the trial court should have granted his request to instruct the jury that they could find him guilty of manslaughter in the first degree in violation of General Statutes § 53a-55,[2] or in the second degree in

[2] General Statutes § 53a-55 provides: "MANSLAUGHTER IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious

violation of General Statutes § 53a-56,[3] each of which crimes he claims is a lesser offense included in the crime of felony murder. General Statutes § 53a-54c.[4] He presses this claim because he believes

physical injury to another person, he causes the death of such person or of a third person; or (2) with intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he acts under the influence of extreme emotional disturbance, as provided in subsection (a) of section 53a-54, except that the fact that homicide was committed under the influence of extreme emotional disturbance constitutes a mitigating circumstance reducing murder to manslaughter in the first degree and need not be proved in any prosecution initiated under this subsection; or (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person.

(b) Manslaughter in the first degree is a class B felony."

[3] General Statutes § 53a-56 provides: "MANSLAUGHTER IN THE SECOND DEGREE WITH A FIREARM: CLASS C FELONY: ONE YEAR NOT SUSPENDABLE. (a) A person is guilty of manslaughter in the second degree with a firearm when he commits manslaughter in the second degree as provided in section 53a-56, and in the commission of such offense he uses or is armed with and threatens the use of or displays or represents by his words or conduct that he possesses a pistol, revolver, shotgun, rifle, machine gun or other firearm. No person shall be found guilty of manslaughter in the second degree and manslaughter in the second degree with a firearm upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information.

(b) Manslaughter in the second degree with a firearm is a class C felony for which one year of the sentence imposed may not be suspended or reduced by the court."

[4] General Statutes § 53a-54c provides: "FELONY MURDER. A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery, burglary, kidnapping, sexual assault in the first degree, sexual assault in the first degree with a firearm, sexual assault in the third degree, sexual assault in the third degree with a firearm, escape in the first degree, or escape in the second degree and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants, except that in any prosecution under this section, in which the defendant was not the only participant in the underlying crime, it shall be an affirmative defense that the defendant: (A) Did not

there was sufficient evidence presented by the state to support a manslaughter conviction, yet he denied that he in any way caused the victim's death. The state agrees with the defendant that General Statutes § 53a-45 (c), providing that "[t]he court or jury before which any person indicted for murder is tried may find him guilty of homicide in a lesser degree than that charged," applies when a person is indicted for felony murder. We cannot reach the question of whether felony murder is "murder" within the meaning of that provision because we agree with the state's further assertion that the requested instructions on the lesser offenses were not appropriate under the circumstances of this case.

The doctrine of lesser included offenses in Connecticut serves the state by precluding acquittal due to failure of proof of the greater crime, the accused by permitting conviction of a lesser crime, and the constitution by preserving the function of the factfinder. See *Beck* v. *Alabama,* 447 U.S. 625, 633, 100 S. Ct. 2382, 65 L. Ed. 2d 392 (1980); *Keeble* v. *United States,* 412 U.S. 205, 208, 212–13, 93 S. Ct. 1993, 36 L. Ed. 2d 844 (1973); *State* v. *Smith,* 185 Conn. 63, 78, 441 A.2d 84 (1981); *State* v. *Rodriguez,* 180 Conn. 382, 404, 429 A.2d 919 (1980); Barnett, "The Lesser-Included Offense Doctrine: A Present Day Analysis for Practitioners," 5 Conn. L. Rev. 255 (1972). This court has developed a four-prong

commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (B) was not armed with a deadly weapon, or any dangerous instrument; and (C) had no reasonable ground to believe that any other participant was armed with such a weapon or instrument; and (D) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury."

formulation for implementing the doctrine. "A defendant is entitled to an instruction on a lesser offense if, and only if ... (1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) the evidence, introduced by either the state or the defendant, or by a combination of their proofs, justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant not guilty of the greater offense but guilty of the lesser." *State* v. *Smith,* supra, 76–77; see, e.g., *State* v. *Shaw,* 186 Conn. 45, 50, 438 A.2d 872 (1982) ; *State* v. *Rodriguez,* supra, 407–408; *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980).

The defendant concedes that the second condition could not be met in this case because it was possible for the state to prove that "another participant . . . caused the death of a person . . ." as described in the amended information, without also proving that the defendant intentionally, recklessly or negligently caused her death. Cf. *State* v. *Cannon,* 185 Conn. 260, 267, 440 A.2d 927 (1981) ; *State* v. *Ballas,* 180 Conn. 662, 679, 433 A.2d 989 (1980). The defendant also concedes, as he must, that the fourth condition could not be met in this case because he could not be found innocent of felony murder in causing the death of a person by his act or that of another participant and guilty of manslaughter as a lesser degree of homicide.

"[D]etermination of what constitutes a lesser included offense requires a comparison of the statutory elements of the two crimes without regard to their innate seriousness or generic overlap." *State* v. *Shaw,* supra, 51. One element differentiating the crimes is mens rea. Although a manslaughter conviction requires proof beyond a reasonable doubt of a culpable state of mind, a felony murder conviction in Connecticut requires proof of no state of mind supplemental to that required to be proved for the underlying felony. See *State* v. *Gunning,* 183 Conn. 299, 312, 439 A.2d 339 (1981); LaFave & Scott, Criminal Law (1972) § 65, p. 517; cf. *State* v. *Shaw,* supra, 50–51, 53.

Despite his conceded failure to meet the conditions necessary to warrant a lesser included offense instruction, the defendant asserts that it serves no purpose to deprive a defendant of an instruction on lesser degrees of homicide merely because the state elected to charge him with felony murder, rather than with intentional murder. This claim misses the mark. The constitutionality of instructing on lesser included offenses is grounded on the premise that where one or more offenses are lesser than and included within the crime charged, notice of the crime charged includes notice of all lesser included offenses. *State* v. *Martin,* 187 Conn. 216, 219, 445 A.2d 585 (1982); *State* v. *Rodriguez,* supra, 402, 405; see *State* v. *Maselli,* 182 Conn. 66, 71, 437 A.2d 836 (1980), cert. denied, 449 U.S. 1083, 101 S. Ct. 868, 66 L. Ed. 2d 807 (1981). This notice permits each party to prepare a case properly, each cognizant of its burden of proof. When the second condition for a lesser included offense instruction is not met, we cannot presume that the state has had sufficient opportunity to prove each element of the

lesser offense beyond a reasonable doubt. Accordingly, the instructions requested were constitutionally prohibited and the trial court did not err in denying the defendant's request to charge.

The defendant's second claim of error is that the state was bound, by its response to the defendant's motion for a bill of particulars, to prove that the defendant actually caused the death of the victim. With respect to felony murder, the original information charged the defendant with committing, or attempting "to commit, a burglary and in the course of and in furtherance of such crime or flight therefrom he, or another participant, caused the death of" the victim. In a motion for a bill of particulars filed pursuant to Practice Book §§ 830–31, the defendant sought clarification of, inter alia, whether the defendant was "charged as a principal or as an aider and abetter to his co-defendant." In response thereto the state added that the defendant was charged "as a principal" in the felony murder count in an amended information, after having explained at the hearing on the motion that the defendant was not being charged as an accessory in violation of § 53a-8. This sequence of events, the defendant contends, precluded the court from instructing that the jury could find him guilty of felony murder if it found that the other participant in the burglary caused the death of the victim.

The state must prove that the defendant committed the crimes in substantially the manner described in the amended information because those are the charges of which the defendant is informed and against which he may prepare a proper defense and, after judgment, the defendant will be able to plead that record in bar of a further prosecution of

the same offense. See, e.g., U.S. Const., amend. VI; Conn. Const., art. I, § 8; *State* v. *Orsini,* 187 Conn. 264, 274, 445 A.2d 887, cert. denied, 459 U.S. 861, 103 S. Ct. 136, 74 L. Ed. 2d 116 (1982); *State* v. *Sumner,* 178 Conn. 163, 167–68, 422 A.2d 299 (1979); *State* v. *Ruiz,* 171 Conn. 264, 270, 368 A.2d 222 (1976); *State* v. *Beaulieu,* 164 Conn. 620, 625, 325 A.2d 263 (1973). To convict an accused as a principal in the crime of felony murder, the state must prove beyond a reasonable doubt that he was a participant in the underlying felony and that he, or another participant in the felony, caused the death of the victim in the course of and in furtherance of the felony. General Statutes § 53a-54c; see, e.g., *State* v. *Morin,* 180 Conn. 599, 609–10, 430 A.2d 1297 (1980); *State* v. *Jackson,* 176 Conn. 257, 258, 407 A.2d 948 (1978); cf. *Enmund* v. *Florida,* 458 U.S. 782, 102 S. Ct. 3368, 73 L. Ed. 2d 1140 (1982). In other words, the defendant, admittedly a willing and active participant in the underlying burglary, was accountable as a principal for the acts of the other participant in causing the death of the victim, assuming that the defendant did not actually kill her. Moreover, having relied on the affirmative defense provided in General Statutes § 53a-54c for participants in the underlying felony who claim they did not cause the victim's death, the defendant cannot now contend that he believed he was being prosecuted only as the one who actually caused the death, and was prejudiced by that belief.[5] The felony murder instructions tracked the language of the information and thus were not in error in this case.

We next address the defendant's claim that the trial court erred in not defining "in furtherance of [burglary]" as an element of felony murder, and in

---

[5] The defendant contends that he was prejudiced by taking the stand and admitting his participation in the burglary.

not including that phrase in its summary to the jury of the felony murder elements. As stated above, a felony murder conviction is appropriate only when death is caused "in the course of and in furtherance of" the underlying felony. In its charge the trial court correctly recited the statutory elements in at least six instances. During its summary of the elements, after a lengthy exposition on felony murder, the court combined "in the course of and in furtherance of" by using the phrase "as the result of."[6] Immediately after this summary, the court recapitulated the elements, reciting the statutory language. Again in a later summary, the court omitted "in furtherance of" from its recitation of the elements. Nowhere in the charge did the trial court define "in furtherance of."[7]

This court will not find error in jury instructions if the charge's probable effect in guiding the jury to a correct verdict is not erroneous. E.g., *State* v. *Hines,* 187 Conn. 199, 206, 445 A.2d 314 (1982); *State* v. *Miller,* 186 Conn. 654, 661, 443 A.2d 906 (1982); *State* v. *Estep,* 186 Conn. 648, 651, 443 A.2d 483 (1982). We are not persuaded that a general reference to the elements of felony murder would probably be understood by the jury to modify the statutory language in which they were properly instructed. *State* v. *Miller,* supra, 663. Furthermore, we agree with the trial court's explanation in its response to the defendant's exception to the charge that the phrase "in furtherance of" could

---

[6] The defendant did not take an exception to the court's use of this phrase rather than the statutory elements; however, in view of our disposition of his claims regarding his exceptions to the subsequent omission of, and failure to define "in furtherance of," the defendant's failure to except is immaterial.

[7] We note that the defendant did not include a definition of that element in his requests to charge.

properly be considered by the jury in its ordinary meaning. See General Statutes § 1-1 (a); *State* v. *Kurvin,* 186 Conn. 555, 562, 442 A.2d 1327 (1982); *State* v. *Spates,* 176 Conn. 227, 237, 405 A.2d 656 (1978); *State* v. *Maresca,* 173 Conn. 450, 460, 377 A.2d 1330 (1977). The court emphasized the state's burden to prove each element beyond a reasonable doubt. Accordingly, the trial court's instructions on the elements of felony murder were not erroneous.

The defendant's fourth claim is that the trial court erred in instructing the jury that "our law is crimes against a person such as a burglary are in common experience likely to involve danger to life in the event of resistance by the victim, or the attempt of the perpetrator to make good his escape and conceal his identity. It is a probable and natural and reasonable consequence of the attempt to commit such a crime that a human life will be destroyed. The commission of burglary is a crime that may cause the death of an innocent person as a consequence of this under our law." The defendant disputes the validity of each of these instructions, contending basically that burglary is not a crime against a person and is unlikely to result in death. These instructions were apparently an adaptation of one of the charges regarding felony murder suggested by Judge Douglass B. Wright in 2 Connecticut Jury Instructions (2d Ed. 1975) § 694 (q). Judge Wright illustrated the instructions by utilizing robbery as the underlying felony. In this case the trial court substituted the appropriate felony, burglary, and included the instructions presumably to explain the rationale behind the elements that the death must be caused "in the course of and in furtherance of" the burglary.

The rationale behind an earlier version of Connecticut's felony murder statute was similarly explained by this court as "that *crimes against the person* like robbery, rape and common-law arson and *burglary* are, in common experience, likely to involve danger to life in the event of resistance by the victim or the attempt of the perpetrator to make good his escape and conceal his identity." (Emphasis added.) *State* v. *Rossi,* 132 Conn. 39, 44, 42 A.2d 354 (1945), overruled in part on other grounds, *State* v. *Tomassi,* 137 Conn. 113, 123, 75 A.2d 67 (1950). We are not persuaded by the defendant's claims that burglary is a crime against property and is unlikely to result in death. An element of burglary in the second degree is that the accused "enters or remains unlawfully in a dwelling at night . . . ." General Statutes § 53a-102. A " 'dwelling' means a building which is usually occupied by a person lodging therein at night, whether or not a person is actually present . . . ." General Statutes § 53a-100 (a)(2). Accordingly, one who is in the course of a burglary is likely to encounter the person lodging at the dwelling at night, who may resist, and in furtherance of the burglary death of the dweller is likely to result. The instructions were not erroneous.

The defendant's final claim of error arises out of the trial court's instructions, near the end of its charge, that "[a] verdict must be unanimous. However, that does not mean that each juror should pursue his or her own deliberations and judgment with no regard for the facts and conclusions of his or her fellow jurors or that having reached a conclusion he or she obstinately adheres to it without a conscious effort to test its validity by other views entertained by other jurors equally wise and just as

responsible in their duty." The defendant does not contend that this instruction was erroneous in isolation, but that it was not balanced by an instruction that each juror must reach his own conclusions independent of the views of other jurors. As a consequence of the instructions, the defendant asserts that the jury was coerced and misled. The defendant further claims that the language "equally wise and just as responsible in their duty" impermissibly comments on the character of the jury. We do not agree.

In its final instruction, the trial court charged that each juror must "render a verdict based honestly upon your conclusions, letting your verdict, whatever it may be, reflect your sound, sober, honest judgment unwarped by any consideration which your [oath as] jurors will not justify and approve."[8] It is our opinion not only that this instruction directs each juror to reach his own individual conclusion, based on considerations consistent with the oath, but also that the instruction adequately balances the earlier instruction regarding the juror's obligation at least to consider the views of his fellow jurors.

Although the two portions of the charge would have been more properly presented together, we have upheld very similar instructions regarding the duty of the jury. See, e.g., *State* v. *Stankowski*, 184 Conn. 121, 146 n.6, 147, 439 A.2d 918, cert. denied, 454

---

[8] Due to an error in transcription, the words "oath as jurors" appear in the trial transcript as "associate jurors." This error was not detected until after briefs had been submitted, and, unaware of the error, the defendant argued that the erroneous words directed further deference to the views of other jurors. Even if the wording had been as the transcript indicates, we think the charge, considered as a whole, directs each juror to reach his own conclusion unfettered by concern about possible disapproval of fellow jurors.

U.S. 1052, 102 S. Ct. 596, 70 L. Ed. 2d 588 (1981); *State* v. *Ralls,* 167 Conn. 408, 423n, 424n, 424–25, 356 A.2d 147 (1974); *State* v. *Walters,* 145 Conn. 60, 64, 138 A.2d 786, cert. denied, 358 U.S. 46, 79 S. Ct. 70, 3 L. Ed. 2d 45 (1958); *State* v. *Smith,* 49 Conn. 376, 386 (1881). For practical reasons, instructions on the jurors' duty are usually deferred until the court becomes aware of a disagreement among the jurors. *State* v. *Ralls,* supra, 425. However, nothing prevents the court from including them in its original charge. See *State* v. *Schleifer,* 102 Conn. 708, 725, 130 A. 184 (1925); see also *State* v. *Stankowski,* supra, 148 n.7. Read as a whole, the charge adequately apprised each juror of his individual responsibility to reconsider his opinion in light of the sound opinions of other jurors and in an effort to reach unanimity, but not merely to acquiesce in those opinions. *State* v. *Stankowski,* supra, 147.

There is no error.

In this opinion the other judges concurred.