STATE OF CONNECTICUT *v.* ALBERT GEBEAU
(AC 17412)

Lavery, Landau and Healey, Js.

Argued September 14—officially released November 23, 1999

*David B. Rozwaski*, special public defender, for the appellant (defendant).

*Frederick W. Fawcett*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *John Blawie*, assistant state's attorney, for the appellee (state).

*Opinion*

LANDAU, J. The defendant, Albert Gebeau, appeals from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4).[1] The defendant claims that

---

[1] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm, except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a weapon from which a shot could be discharged. . . ."

the trial court improperly failed to charge the jury on robbery in the second degree in violation of General Statutes § 53a-135 (a) (2) as a lesser included offense.[2] We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. In the afternoon of July 7, 1996, Phyllis Raucci was in her apartment in Bridgeport, and Alford Kearsley, a friend of the Raucci family, was sleeping in a bedroom when the doorbell rang. Raucci answered the door and a woman, Laura Ritz,[3] told Raucci that her car had broken down and she needed to use the telephone. Ritz's car had not actually broken down. Rather, she and the defendant intended to rob Raucci. Once inside Raucci's apartment, Ritz asked to use the telephone to call her husband. After using the telephone, Ritz told Raucci that she was going to see if her husband had arrived, at which time she let the defendant into the apartment.

When the defendant entered Raucci's apartment, he asked if he could use the bathroom. After emerging from the bathroom, the defendant walked toward the stairs as if to leave the apartment, but suddenly returned with a pistol in his hand. He ordered Raucci and Kearsley, who by this time had awakened, into the bathroom while he and Ritz took items from the apartment.

At trial, the defendant submitted a request for a jury charge on second degree robbery as a lesser included offense. The court denied the request and charged only

[2] General Statutes § 53a-135 (a) provides in relevant part: "A person is guilty of robbery in the second degree when he commits robbery as defined in section 53a-133 and . . . (2) in the course of the commission of the crime or of immediate flight therefrom he or another participant in the crime displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument."

[3] In a separate proceeding, Ritz pleaded guilty to first degree robbery in connection with this incident and agreed to testify against the defendant.

on robbery in the first degree. The jury returned a guilty verdict and this appeal followed.

The defendant claims that the court improperly failed to charge the jury on robbery in the second degree as a lesser included offense. The defendant contends that whether the perpetrator used a firearm was sufficiently in dispute to permit the jury to find the defendant guilty of second degree robbery, but not guilty of first degree robbery. We disagree.

" 'Connecticut law entitles a defendant to a lesser included offense charge if his request satisfies the four requirements set forth in *State* v. *Whistnant*, [179 Conn. 576, 588, 427 A.2d 414 (1980)].' *State* v. *Crafts*, 226 Conn. 237, 250, 627 A.2d 877 (1993). The *Whistnant* requirements are as follows: '(1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser.' *State* v. *Whistnant*, supra, 588." *State* v. *Collins*, 45 Conn. App. 6, 9, 692 A.2d 865 (1997).

"In considering whether the defendant has satisfied the requirements set forth in *State* v. *Whistnant*, supra, 179 Conn. 588, we view the evidence in the light most favorable to the defendant's request for a charge on the lesser included offense. . . . [T]he jury's role as fact-finder is so central to our jurisprudence that, in close cases, the trial court should generally opt in favor of giving an instruction on a lesser included offense, if it

is requested. . . . On appeal, an appellate court must reverse a trial court's failure to give the requested instruction if we cannot as a matter of law exclude [the] possibility that the defendant is guilty only of the lesser offense." (Citations omitted; internal quotation marks omitted.) *State* v. *Preston*, 248 Conn. 472, 477, 728 A.2d 1087 (1999). The fourth prong of *Whistnant* requires the court to consider whether the element that differentiates the proposed lesser included offense from the greater offense is "sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser." *State* v. *Whistnant*, supra, 588.[4]

" '[I]t is clear that the essential difference between §§ 53a-134 (a) (4) and 53a-135 (a) (2) is the type of weapon used. The former is limited to firearms; the latter includes firearms but is not limited to them.' *State* v. *Kolinsky*, 182 Conn. 533, 543, 438 A.2d 762 (1980), cert. denied, 451 U.S. 973, 101 S. Ct. 2054, 68 L. Ed. 2d 354 (1981). See *State* v. *Hawthorne*, 175 Conn. 569, 573, 402 A.2d 759 (1978)." *State* v. *Evans*, 200 Conn. 350, 359, 511 A.2d 1006 (1986).

For the defendant to have been entitled to a charge on the proposed lesser included offense of robbery in the second degree, there must have been some dispute as to the essential differentiating element, use of a firearm, so that he could have been acquitted of the greater offense and convicted of the lesser. The only evidence presented at trial was that the defendant was carrying a firearm. The victims, Raucci and Kearsley, as well as

---

[4] The defendant's request to charge on a lesser included offense also fails to meet the third requirement of the *Whistnant* test. Because a court is justified in refusing to give a lesser included offense charge when the defendant fails to meet any one of the four *Whistnant* requirements; see *State* v. *Kolinsky*, 182 Conn. 533, 544, 438 A.2d 762 (1980), cert. denied, 451 U.S. 973, 101 S. Ct. 2054, 68 L. Ed. 2d 354 (1981); for the purpose of this appeal, we will discuss only the fourth prong of the *Whistnant* test.

the accomplice, Ritz, all testified that the defendant used a firearm in the commission of the crime. Kearsley, a retired Bridgeport police officer, testified that the defendant had what looked like a silver .38 caliber automatic weapon. The defendant, on the other hand, chose to dispute that he was in any way involved in the crime. Whether the perpetrator carried a firearm was never in issue.

The defendant claims that the issue was sufficiently in dispute because the state, in a substitute information, did not charge him with criminal possession of a firearm as it had in its original information. The defendant maintains that this was an admission by the state that an operable firearm was not used.[5] The state, however, does not have to prove that the firearm was operable to obtain a conviction for robbery in the first degree. *State* v. *Hawthorne*, supra, 175 Conn. 573. "[I]n fact, [the defendant] need not even have a gun. He need only represent by his words or conduct that he is so armed." Id.

Because the defendant failed to meet the fourth prong of the *Whistnant* test, he was not entitled to a jury instruction on robbery in the second degree as a lesser included offense of robbery in the first degree.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] "One of the necessary elements that the state must prove for a conviction for criminal possession of a firearm is that the firearm that the defendant is alleged to have possessed is operable. *State* v. *Bradley*, 39 Conn. App. 82, 90, 663 A.2d 1100 (1995), cert. denied, 236 Conn. 901, 670 A.2d 322 (1996)." *State* v. *Rogers*, 50 Conn. App. 467, 475, 718 A.2d 985, cert. denied, 247 Conn. 942, 723 A.2d 319 (1998).