STATE OF CONNECTICUT *v.* DAVID ROSARIO
(AC 23654)

Foti, Schaller and Dranginis, Js.

Argued January 7—officially released May 4, 2004

*Richard E. Condon, Jr.*, assistant public defender, for the appellant (defendant).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, was *Michael Dearington*, state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, David Rosario, appeals from the judgment of conviction, rendered after a jury trial, of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a[1] and criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c (a) (1).[2] On appeal, the defendant first claims that the trial court denied him his constitutional right to notice by instructing the jury on manslaughter in the first degree with a firearm as a lesser offense included within the crime of murder. Second, the defendant claims that the court improperly declined his request to instruct the jury on manslaughter in the first degree in violation of General Statutes § 53a-55 (a)

---

[1] General Statutes § 53a-55a (a) provides in relevant part: "A person is guilty of manslaughter in the first degree with a firearm when he commits manslaughter in the first degree as provided in section 53a-55, and in the commission of such offense he uses . . . [a] firearm. . . ."

[2] General Statutes § 53a-217c (a) provides in relevant part: "A person is guilty of criminal possession of a pistol or revolver when such person possesses a pistol or revolver, as defined in section 29-27, and (1) has been convicted of a felony . . . ."

(3) as a lesser offense included within the crime of murder. We affirm the judgment of the trial court.

The following facts are pertinent to the defendant's appeal. On May 11, 2000, the defendant and his three friends rented a room at the Colonial Park Motel in Meriden. After the defendant adamantly disputed the room charge, he fatally shot the motel clerk, Husmakh Patel, with a small caliber handgun. The state's original information charged the defendant with murder in violation of General Statutes § 53a-54a[3] and criminal possession of a pistol or revolver in violation of § 53a-217c. Thereafter, the defendant filed a request for essential facts,[4] requesting that the state specify "[w]hat specific . . . acts, language or behavior are alleged to constitute each offense charged?" In response, the state filed a long form information, charging the defendant with committing murder "by means of the discharge of a firearm" in violation of § 53a-54a. At the charging conference, the defendant requested an instruction on reckless manslaughter in the first degree, as provided for in § 53a-55 (a) (3),[5] as a lesser offense included within the crime of murder. The state also sought a lesser included offense instruction and requested that the court charge the jury on manslaughter in the first degree with a firearm, as provided for in § 53a-55a.

The court instructed that "the third element" of murder requires the state to prove "that the defendant caused the death . . . by the *use* of a firearm." (Empha-

---

[3] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ." The original information did not charge the defendant with any of the lesser included offenses of murder.

[4] A motion for bill of particulars also was filed.

[5] General Statutes § 53a-55 (a) provides in relevant part: "A person is guilty of manslaughter in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

sis added.) Moreover, the court, over the defendant's objection, charged the jury on manslaughter in the first degree with a firearm as a lesser offense included within the crime of murder. The jury found the defendant guilty of manslaughter in the first degree with a firearm. This appeal followed.

I

The defendant first claims that the court deprived him of his federal and state constitutional rights to notice by instructing the jury on manslaughter in the first degree with a firearm as a lesser offense included within the crime of murder. The defendant sets forth various theories in support of his claim. First, the defendant contends that the court improperly relied on the "evidence test" when it considered the state's nonessential factual allegation that he had committed murder "by means of the discharge of a firearm" in its lesser included offense analysis. Essentially, the defendant asserts that because manslaughter in the first degree with a firearm requires the "use" of a firearm as an essential element, which murder does not, the former offense cannot be a lesser offense included within the offense of murder. The defendant asserts that the court's charge contradicts decisions of our Supreme Court, which establish that an appropriate lesser included offense analysis is limited to a comparison of the essential statutory elements of the offenses at issue, rather than the nonessential factual allegations set forth in the charging document. Second, notwithstanding whether the "use" of a firearm constitutes the "third element" of murder, as alleged in this case, the defendant argues that manslaughter in the first degree with a firearm is still not a lesser offense included within the crime of murder because the manslaughter offense can be committed in three alternative ways, two of which do not require as an element the "use" of a firearm. We disagree.

A

At the outset, we state our standard of review. The court, in determining whether manslaughter in the first degree with a firearm is a lesser offense included within the crime of murder, is confronted with a question of law. *State* v. *Tomlin*, 266 Conn. 608, 615–16, 835 A.2d 12 (2003). Accordingly, our cases instruct us to conduct de novo or plenary review. See, e.g., *State* v. *Holmes*, 257 Conn. 248, 252, 777 A.2d 627 (2001), cert. denied, 535 U.S. 939, 122 S. Ct. 1321, 151 L. Ed. 2d 229 (2002).

The defendant has a constitutional right "to be informed of the nature and cause of the charges against him with sufficient precision to enable him to meet them at trial."[6] *State* v. *Laracuente*, 205 Conn. 515, 518, 534 A.2d 882 (1987), cert. denied, 485 U.S. 1036, 108 S. Ct. 1598, 99 L. Ed. 2d 913 (1988). "The function of an accusatory pleading such as an information is to inform a defendant of 'the nature and cause of the accusation' as required by our federal and state constitutions." *State* v. *Carter*, 189 Conn. 631, 646, 458 A.2d 379 (1983). "The doctrine of lesser included offenses in Connecticut serves the state by precluding acquittal due to failure of proof of the greater crime, the accused by permitting conviction of a lesser crime, and the constitution by preserving the function of the fact-finder." *State* v. *MacFarlane*, 188 Conn. 542, 546, 450 A.2d 374 (1982). "The constitutionality of instructing on lesser included offenses is grounded on the premise that whe[n] one or more offenses are lesser than and included within the crime charged, notice of the crime charged includes notice of all lesser included offenses. . . . This notice permits each party to prepare a case properly, each cognizant of its burden of proof." (Internal quotation

---

[6] Without deciding, this court assumes that the due process clause of the fourteenth amendment makes applicable to the states the defendant's sixth amendment right to notice. See *State* v. *Tomlin*, supra, 266 Conn. 615 n.5, quoting *State* v. *Scognamiglio*, 202 Conn. 18, 21, 519 A.2d 607 (1987).

marks omitted.) *State* v. *Tomlin,* supra, 266 Conn. 616–17.

"A defendant is entitled to an instruction on a lesser offense if, and only if, the following conditions are met: (1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner· described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant [not guilty] of the greater offense but guilty of the lesser." *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980). *Whistnant*'s second prong is implicated when the accused asserts that he was denied his constitutional right to notice of the crime of which he was ultimately convicted. *State* v. *Tomlin,* supra, 266 Conn. 617.

Courts follow three methods to ascertain "whether a crime is a 'lesser included crime' when the evidence would support a conclusion that the lesser crime was committed: (1) The included crime may be one consisting solely of elements which must always be present for the greater crime to have been committed; (2) it may be one consisting solely of elements which must have been present for the greater offense to have been committed in the manner described by the information or bill of particulars thereto; (3) or it may be a crime which the evidence suggests and which could have been included in the information." *State* v. *Brown,* 163 Conn. 52, 60, 301 A.2d 547 (1972).

Connecticut's lesser included offense doctrine utilizes the second approach set forth in *Brown.* See id.

That approach includes *Whistnant*'s second prong, "which encompasses the cognate pleadings approach." *State* v. *Tomlin*, supra, 266 Conn. 618. "The cognate-pleadings approach . . . does not insist that the elements of the lesser offense be a subset of the higher offense. It is sufficient that the lesser offense have certain elements in common with the higher offense, which thereby makes it a 'cognate' or 'allied' offense even though it also has other elements not essential to the greater crime. [In addition], the relationship between the offenses is determined not by a comparison of statutory elements in the abstract, but by reference to the pleadings in the case. The key ordinarily is whether the allegations in the pleading charging the higher offense . . . include all of the elements of the lesser offense." Id., quoting 5 W. LaFave, J. Israel & N. King, Criminal Procedure (2d Ed. 1999) § 24.8 (e), pp. 579–80; see also *State* v. *Coleman*, 242 Conn. 523, 532, 700 A.2d 14 (1997).

In the present case, the defendant contends that the court improperly determined that *Whistnant*'s second prong was satisfied when the court charged the jury on manslaughter in the first degree with a firearm as a lesser offense included within the crime of murder. Specifically, the defendant contends in his brief that the court's "[i]ncorporating nonessential factual allegations into its lesser included offense analysis is tantamount to employing the 'evidence test,' " which was rejected in *State* v. *Brown*, supra, 163 Conn. 60–61. We disagree.

Following the cognate pleadings approach, it is apparent that the factual allegations contained in the state's information established that manslaughter in the first degree with a firearm was a lesser offense included within the crime of murder. The state originally had charged the defendant with murder in violation of § 53a-54a. Before the defendant can be found guilty of murder, the state must prove that (1) he "inten[ded] to cause the death of another person," and (2) he did "[cause]

the death of such person . . . ." General Statutes § 53a-54a (a). In response to the defendant's subsequent request for essential facts, the state filed a long form information alleging that the defendant had committed murder in violation of § 53a-54a "by means of the discharge of a firearm . . . ." In effect, the state, by alleging those facts in its long form information, converted "the discharge of a firearm" terminology into the "third element" of murder.[7]

To satisfy *Whistnant*'s second prong, it cannot be possible for the state to prove each element of the greater offense of murder, as previously set forth, without first satisfying each element of the offense of manslaughter in the first degree with a firearm. Essentially, an accused is guilty of manslaughter in the first degree with a firearm in violation of § 53a-55a (a) when (1) "he commits manslaughter in the first degree as provided in section 53a-55," and (2) "in the commission of such offense [the accused] use[d], or [was] armed with and threaten[ed] the use of or display[ed] or represent[ed] by his words or conduct that he possesse[d] a . . . firearm. . . ." General Statutes § 53a-55a (a). General Statutes § 53a-55 (a) provides in relevant part that "[a] person is guilty of manslaughter in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person." Thus, the greater offense of murder, as alleged in the state's long form information, satisfied *Whistnant*'s second prong because it would have been impossible to commit that offense without first having committed the lesser offense of manslaughter in the first degree with a firearm. Contrary to the defendant's assertion,

---

[7] The court instructed the jury that "[t]he third element that the state must prove beyond a reasonable doubt [to convict the defendant of murder] is that the defendant caused the death of [the victim] by the use of a firearm."

we conclude that the court, in its lesser included offense instruction, properly considered the facts set forth in the state's long form information, which alleged that the defendant had committed murder "by means of the discharge of the firearm . . . ." See *State* v. *Tomlin*, supra, 266 Conn. 620 (holding that trial court "properly considered the allegation that the defendant 'did shoot' the victim in determining whether to instruct the jury on the lesser included offense of manslaughter in the first degree with a firearm").

B

Notwithstanding whether it was proper for the court, in its lesser included offense analysis, to consider nonessential facts alleged by the state, the defendant sets forth an alternative theory to support his assertion that manslaughter in the first degree with a firearm is not a lesser offense included within the crime of murder. Specifically, the defendant argues that even if the "discharge of a firearm" constitutes the "third element" of murder under the cognate pleadings approach, manslaughter in the first degree with a firearm is still not a lesser offense included within the crime of murder under *Whistnant*'s second prong because the former offense can be proved in three alternative ways. As previously mentioned, pursuant to § 53a-55a (a), the state must prove that the accused either (1) used a firearm, (2) was armed with and threatened the use of a firearm or (3) displayed or represented by his words or conduct that he possessed a firearm. The defendant contends that when the state alleged "discharge of a firearm," it merely alleged the " 'use' of a firearm for purposes of manslaughter [in the first degree] with a firearm." Thus, because the "use" of a firearm is only one of the three ways in which to commit manslaughter in the first degree with a firearm, the defendant contends that the state failed to satisfy *Whistnant*'s second prong by failing to allege the two alternative methods

in its murder charge. Likewise, the defendant asserts that under *Whistnant*'s second prong, manslaughter in the first degree with a firearm cannot be a lesser offense included within the crime of murder, even as it is alleged in this case, because there are two ways in which to commit the manslaughter offense without the actual "use" of that firearm.[8] We disagree.

Our Supreme Court decided the "issue regarding the significance of the term 'offense,' as it is used in [the *Whistnant* test], that [the Supreme Court] previously [had] not considered." *State* v. *Tomlin,* supra, 266 Conn. 623. "[T]he term 'offense,' . . . refers to each distinct method, which may be comprised of different elements, by which a crime may be completed. The term 'offense' does not refer to the title of the crime encompassing each of those distinct methods." Id., 624. "The second prong of *Whistnant* is satisfied, therefore, only to the extent that it was not possible to commit the greater offense of murder, in the manner described in the information, without first having committed the lesser offense of manslaughter in the first degree with a firearm by the actual use of a firearm." Id., 626. Because the state's allegations support a conviction only under the use of a firearm portion of the offense of manslaughter in the first degree with a firearm, the court could not properly instruct the jury on the two alternative methods of committing that offense, as the defendant would not have been afforded the required constitutional notice. See id., 626–27. Accordingly, we conclude that it was proper for the court to charge on the "use of a firearm" portion of the offense of manslaughter in the first degree with a firearm.

---

[8] Similarly, the defendant in *Tomlin* asserted that "the allegation that the defendant 'did shoot' the victim, if properly considered, put the defendant on notice of only one of the three alternative ways of completing the crime." *State* v. *Tomlin,* supra, 266 Conn. 621.

II

The defendant next claims that the court improperly denied his written request to charge the jury on reckless manslaughter in the first degree, as provided for in § 53a-55 (a) (3), as a lesser offense included with the crime of murder. Because of our resolution of the defendant's first claim in an adverse manner, there is no need to address his second claim. The defendant does not argue that the element of the use of a firearm was sufficiently in dispute to allow the jury to find that he committed manslaughter in the first degree without the use of a firearm. See *State* v. *Whistnant*, supra, 179 Conn. 588; *State* v. *Gebeau*, 55 Conn. App. 795, 799–800, 740 A.2d 906 (1999), cert. denied, 252 Conn. 922, 744 A.2d 518 (2000).

The judgment is affirmed.

In this opinion the other judges concurred.