# MELVIN MITCHELL *v.* COMMISSIONER OF CORRECTION
## (AC 25164)

Lavery, C. J., and Schaller and McLachlan, Js.*

Argued October 11, 2005—officially released February 14, 2006

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Julia K. Conlin*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Robin D. Cutuli*, assistant state's attorney, for the appellee (respondent).

*Opinion*

McLACHLAN, J. The petitioner, Melvin Mitchell, appeals following the denial of his petition for certification to appeal from the judgment dismissing his amended petition for a writ of habeas corpus. The petitioner claims on appeal that the court improperly (1) denied his petition for certification to appeal, (2) denied his petition for DNA testing of evidence, (3) denied his motion for a continuance to permit DNA testing, (4) dismissed his petition for a writ of habeas corpus without a hearing and (5) took dispositive action on the petition for a writ of habeas corpus without the petitioner being present. We agree with the petitioner and reverse the judgment of the habeas court.

In 1995, after a trial to the jury, the petitioner was convicted of one count of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A) and three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1). He received a total effective sentence of twenty-five years in prison. This court affirmed the conviction. *State* v. *Mitchell*, 54 Conn. App. 361, 738 A.2d 188, cert. denied, 251 Conn. 910, 739 A.2d 1250 (1999), cert. denied, 528 U.S. 1171, 120 S. Ct. 1197, 145 L. Ed. 2d 1101 (2000). On September 11, 1998, the petitioner filed an amended habeas petition and, after a trial, the court denied the

petition on May 17, 1999. He then filed a petition for certification to appeal, which was denied by the court. The petitioner appealed to this court, claiming that the habeas court abused its discretion in denying his petition for certification to appeal and improperly failed to determine that his trial counsel's performance constituted ineffective assistance of counsel. On January 25, 2002, this court dismissed the petitioner's appeal from the decision of the habeas court. See *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 2–3, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002).

On June 6, 2001, the petitioner filed his second habeas petition. On November 12, 2002, he filed an amended petition, alleging ineffective assistance of trial counsel, ineffective assistance of appellate counsel, ineffective assistance of habeas counsel, ineffective assistance of habeas appellate counsel and actual innocence. The petitioner also filed a petition for DNA testing of a sex crime kit[1] and a motion to continue the trial to allow for the DNA testing. On January 5, 2004, the court heard the petitioner's petition and his motion and denied them both. The court then, sua sponte, dismissed the habeas petition without prejudice. The petitioner filed a petition for certification to appeal, which was denied. The petitioner filed a timely appeal with this court. He also filed a motion for articulation of the habeas court's decision. The court denied the motion for articulation.

The petitioner first claims that the habeas court abused its discretion when it denied the petition for certification to appeal. The standard of review for a denial of certification to appeal from the dismissal of a habeas petition requires a two step analysis. First,

[1] Although a sex crime kit was prepared after the sexual assault underlying the petitioner's conviction and was submitted as evidence at the petitioner's criminal trial in 1995, it was never subjected to DNA testing. On October 27, 2003, the petitioner learned that the sex crime kit was still in existence and in the possession of the clerk of the Superior Court for the judicial district of Hartford.

the petitioner must demonstrate that the denial constituted an abuse of discretion. Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the court should be reversed on the merits. See id., 4.[2] Here, the determinative issue is whether the court abused its discretion when it denied the petitioner's motion for a continuance and dismissed the petition for a writ of habeas corpus without a hearing. We conclude that it did and, therefore, the court abused its discretion in denying the petition for certification to appeal.

The petitioner claims that the court improperly denied his petition for DNA testing of evidence. On January 5, 2004, the court denied that petition, dismissed his habeas petition without prejudice and informed the petitioner that according to Public Acts 2003, No. 03-242, § 7 (P.A. 03-242),[3] the petition for DNA testing should be brought before the sentencing court.

[2] "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Owens* v. *Commissioner of Correction*, 63 Conn. App. 829, 831, 779 A.2d 165, cert. denied, 258 Conn. 905, 782 A.2d 138 (2001).

[3] Public Acts 2003, No. 03-242, § 7, codified at General Statutes § 54-102kk, provides: "(a) Notwithstanding any other provision of law governing post-conviction relief, any person who was convicted of a crime and sentenced to incarceration may, at any time during the term of such incarceration, file a petition with the sentencing court requesting the DNA testing of any evidence that is in the possession or control of the Division of Criminal Justice, any law enforcement agency, any laboratory or the Superior Court. The petitioner shall state under penalties of perjury that the requested testing is related to the investigation or prosecution that resulted in the petitioner's conviction and that the evidence sought to be tested contains biological evidence.

"(b) After notice to the prosecutorial official and a hearing, the court shall order DNA testing if it finds that:

"(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing;

"(2) The evidence is still in existence and is capable of being subjected to DNA testing;

The court did not abuse its discretion when it denied the petition for DNA testing and, relying on P.A. 03-242 § 7,[4] deferred the matter to the sentencing court.

We conclude, however, that the court did abuse its discretion when it denied the petitioner's motion for a

"(3) The evidence, or a specific portion of the evidence identified by the petitioner, was never previously subjected to DNA testing, or the testing requested by the petitioner may resolve an issue that was never previously resolved by previous testing; and

"(4) The petition before the Superior Court was filed in order to demonstrate the petitioner's innocence and not to delay the administration of justice.

"(c) After notice to the prosecutorial official and a hearing, the court may order DNA testing if it finds that:

"(1) A reasonable probability exists that the requested testing will produce DNA results which would have altered the verdict or reduced the petitioner's sentence if the results had been available at the prior proceedings leading to the judgment of conviction;

"(2) The evidence is still in existence and is capable of being subjected to DNA testing;

"(3) The evidence, or a specific portion of the evidence identified by the petitioner, was never previously subjected to DNA testing, or the testing requested by the petitioner may resolve an issue that was never previously resolved by previous testing; and

"(4) The petition before the Superior Court was filed in order to demonstrate the petitioner's innocence and not to delay the administration of justice.

"(d) The costs of DNA testing ordered pursuant to this section shall be borne by the state or the petitioner, as the court may order in the interests of justice, except that DNA testing shall not be denied because of the inability of the petitioner to pay the costs of such testing.

"(e) In a proceeding under this section, the petitioner shall have the right to be represented by counsel and, if the petitioner is indigent, the court shall appoint counsel for the petitioner in accordance with section 51-296."

[4] We note that although the court did not abuse its discretion in denying the petition requesting DNA testing, P.A. 03-242, § 7, does not limit requests for DNA testing to the sentencing court alone. Section 7 (a), codified at General Statutes § 54-102kk (a), provides in relevant part: "Notwithstanding any other provision of law governing postconviction relief, any person who was convicted of a crime and sentenced to incarceration *may*, at any time during the term of such incarceration, file a petition with the sentencing court requesting the DNA testing of any evidence . . . . " (Emphasis added.) That provision does not prohibit the petitioner from filing a petition with the court. Accordingly, the court had the authority to entertain the petition.

We note that when the amended petition for a writ of habeas corpus was filed, prior to the enactment of P.A. 03-242, § 7, the issue of DNA testing was within the discretion of the court.

continuance and dismissed his petition for a writ of habeas corpus in its entirety. The applicable standard of review for the denial of a motion for a continuance is as follows. "[T]he determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. . . . A reviewing court is bound by the principle that [e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made. . . . Our role as an appellate court is not to substitute our judgment for that of a trial court that has chosen one of many reasonable alternatives." (Internal quotation marks omitted.) *State* v. *Hurdle*, 85 Conn. App. 128, 134, 856 A.2d 493, cert. denied, 271 Conn. 942, 861 A.2d 516 (2004).

Here, when the court denied the motion for a continuance and dismissed the petitioner's case, it reasoned that it would not be appropriate to have the case stay inactive on the docket while the petitioner brought his petition for DNA testing to the sentencing court and awaited the results of that testing, even though the petitioner had a statutory right to a hearing pursuant to P.A. 03-242, § 7. Although we recognize the importance of docket management, it is not in the interest of judicial economy to require the petitioner to file a separate petition with the sentencing court and then to refile a new petition for a writ of habeas corpus. Furthermore, the respondent commissioner of correction would not have suffered any prejudice by allowing the petitioner's case to remain on the docket until the petition for DNA testing had been decided by the sentencing court. The petitioner, on the other hand, was prejudiced by the denial because any new petition filed would be reached for hearing later than the one he already had filed. There is a substantial due process right in the petitioner's efforts to prove his actual innocence, particularly because he is incarcerated. The peti-

tioner was prejudiced by the denial of his motion for a continuance and the dismissal of his habeas petition. Accordingly, we conclude that the court abused its discretion by denying the petitioner's motion for a continuance.

The court further abused its discretion when it dismissed the petitioner's case without a hearing. The petitioner made five claims in his petition for a writ of habeas corpus, including the actual innocence claim. Even if the court properly had dismissed the actual innocence claim as premature due to the lack of the DNA test results, the petitioner was entitled to a hearing on his newly raised ineffective assistance of counsel claims before the court dismissed the habeas petition in its entirety.

In *Mercer* v. *Commissioner of Correction*, 230 Conn. 88, 93, 644 A.2d 340 (1994), our Supreme Court stated: "Both statute and case law evince a strong presumption that a petitioner for a writ of habeas corpus is entitled to present evidence in support of his claims. General Statutes § 52-470 (a) provides that [t]he court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require. In *Negron* v. *Warden*, 180 Conn. 153, 158 n.2, 429 A.2d 841 (1980), we noted that whenever a court is legally required to hear a habeas petition, § 52-470 (a) delineate[s] the proper scope of [the] hearing . . . . The statute explicitly directs the habeas court to dispose of the case only after hearing the testimony and arguments therein.

"In our case law, we have recognized only one situation in which a court is not legally required to hear a habeas petition. In *Negron* . . . we observed that, pur-

suant to Practice Book § 531 [now § 23-29], [i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing. We emphasized the narrowness of our construction of Practice Book § 531 [now § 23-29] by holding that dismissal of a second habeas petition without an evidentiary hearing is improper if the petitioner either raises new claims or offers new facts or evidence. . . . . *Negron* therefore strengthens the presumption that, absent an explicit exception, an evidentiary hearing is always required before a habeas petition may be dismissed." (Citation omitted; internal quotation marks omitted.)

The petitioner raised claims in his amended habeas petition regarding counsel on his direct appeal and on his first habeas appeal. Those claims had not been raised before. Accordingly, at the very least, the petitioner was entitled to an evidentiary hearing on those claims.[5] Therefore, we conclude that the court abused its discretion when it dismissed the petition for a writ of habeas corpus without a hearing.

The judgment is reversed and the case is remanded with direction to reinstate the habeas petition, to grant

[5] The respondent argues that the petitioner waived any right to challenge the court's dismissal of the ineffective assistance of counsel claims when the petitioner's counsel failed to argue the claims after the petition was dismissed. We disagree. On January 5, 2004, the petitioner was scheduled for a pretrial hearing on the petition requesting DNA testing and the motion for a continuance. It is unreasonable to expect the petitioner's counsel to have argued the ineffective assistance of counsel claims at that pretrial hearing, particularly after the court, sua sponte, dismissed the petition for a writ of habeas corpus. Furthermore, it is also unreasonable to expect the petitioner's counsel to have gone forward with the ineffective assistance of counsel claims when his client was not present and when a hearing on those claims was not scheduled for that day.

the motion for a continuance and to refer the petition for DNA testing to the sentencing court.[6]

In this opinion the other judges concurred.

---

[6] In light of our remand, it is unnecessary to reach the petitioner's fifth issue on appeal.

