STATE OF CONNECTICUT v. EDWARD FERREIRA
(AC 17814)

Landau, Schaller and Hennessy, Js.

Argued March 4—officially released September 7, 1999

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Robert J. Scheinblum*, assistant state's attorney, with whom were *John Davenport*, assistant state's attorney, and, on the brief, *John A. Connelly*, state's attorney, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Edward Ferreira, appeals from the judgment of conviction, rendered after a jury trial, of aiding and abetting manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-8 (a)[1] and 53a-55a (a).[2] The defendant's sole

---

[1] General Statutes § 53a-8 (a) provides: "A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

[2] General Statutes § 53a-55a (a) provides: "A person is guilty of manslaughter in the first degree with a firearm when he commits manslaughter in the first degree as provided in section 53a-55, and in the commission of such offense he uses, or is armed with and threatens the use of or displays or represents by his words or conduct that he possesses a pistol, revolver, shotgun, machine gun, rifle or other firearm. No person shall be found guilty

claim on appeal is that it was improper for the trial court to instruct the jury that the crime of aiding and abetting manslaughter in the first degree with a firearm is a lesser included offense of aiding and abetting a murder when the information fails to allege the use of a firearm in the commission of the murder.

The following procedural history is relevant to the resolution of this issue. The state charged the defendant in a substitute information with murder in violation of General Statutes § 53a-54a (a), aiding and abetting murder in violation of General Statutes §§ 53-8 (a) and 53a-54a (a), felony murder in violation of General Statutes § 53a-54c, conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a (a) and aiding and abetting burglary in the first degree in violation of General Statutes §§ 53a-8 (a) and 53a-101 (a) (1). On March 24, 1997, prior to trial, the state filed a supplemental bill of particulars, which indicated the manner in which the crimes were allegedly committed.

The trial court instructed the jury that it could consider whether the defendant was guilty of any of four lesser included offenses, including aiding and abetting manslaughter in the first degree with a firearm in violation of §§ 53a- 8 (a) and 53a-55a (a). The defendant did not object to the trial court's instruction on this lesser included offense. The jury returned a verdict of not guilty on all of the charges in the substitute information, and guilty on the lesser included offense of aiding and abetting manslaughter in the first degree with a firearm.

The defendant argues that the information charged him with two alternative counts of murder but did not mention that a firearm was used in the commission of the murder. Citing *State* v. *Guess*, 39 Conn. App. 224, 665 A.2d 126, cert. denied, 235 Conn. 924, 666 A.2d 1187

of manslaughter in the first degree and manslaughter in the first degree with a firearm upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information."

(1995), and *State* v. *Falcon*, 26 Conn. App. 259, 600 A.2d 1364 (1991), cert. denied, 221 Conn. 911, 602 A.2d 10 (1992), the defendant further argues that, under these circumstances, it was improper for the trial court to instruct the jury that it could consider aiding and abetting manslaughter in the first degree with a firearm as a lesser included offense of murder. The state responds that the trial court properly instructed the jury regarding the lesser included offense of aiding and abetting manslaughter in the first degree with a firearm because the bill of particulars specifically alleged that the defendant and his accomplices shot and killed the victim with a deadly weapon. We agree with the state.

As a threshold matter, we note that the defendant did not raise this issue at trial and now seeks review under either the plain error doctrine[3] or *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[4] We

---

[3] Practice Book § 60-5 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

"[W]e will review an unpreserved claim under the plain error doctrine only in those truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Crespo*, 246 Conn. 665, 687, 718 A.2d 925 (1998), cert. denied, 525 U.S. 1125, 119 S. Ct. 911, 142 L. Ed. 2d 909 (1999).

[4] "In *State* v. *Golding*, [supra, 213 Conn. 239–40, our Supreme Court] reformulated the standard announced in *State* v. *Evans*, [165 Conn. 61, 327 A.2d 576 (1973)], for appellate consideration of constitutional claims that were not preserved at trial. [Our Supreme Court] stated that 'a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt.' . . . *State* v. *Golding*, supra, [239–40]." (Emphasis in original.) *State* v. *Watlington*, 216 Conn. 188, 192, 579 A.2d 490 (1990). "The first two questions relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review." (Internal quotation marks

will review this claim under *Golding* because the record is adequate for review and "[t]he lesser included offense doctrine implicates notice requirements of due process." *State* v. *Falcon*, supra, 26 Conn. App. 264. The defendant's claim fails under the third prong of *Golding*, however, because the alleged constitutional violation did not clearly exist and did not clearly deprive the defendant of a fair trial.

A criminal defendant has a constitutional right "to be informed of the nature and cause of the charges against him with sufficient precision to enable him to meet them at trial." (Internal quotation marks omitted.) *State* v. *Spigarolo*, 210 Conn. 359, 381, 556 A.2d 112, cert. denied, 493 U.S. 933, 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989). The state satisfies this constitutional mandate when its pleadings inform "the defendant of the charge[s] against him with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise, and [are] definite enough to enable him to plead his acquittal or conviction in bar of any future prosecution for the same offense . . . ." (Internal quotation marks omitted.) Id. "Where one or more offenses are lesser than and included in the crime charged in the information, notice of the crime charged includes notice of all lesser included offenses. . . . The test for determining whether one crime is a lesser included offense of another crime is whether it is possible to commit the greater offense in the manner described in the information *or bill of particulars* without having first committed the lesser." (Citations omitted; emphasis added; internal quotation marks omitted.) *State* v. *Falcon*, supra, 26 Conn. App. 264.

This court has held that a defendant cannot be lawfully convicted of manslaughter in the first degree with

omitted.) *State* v. *Manfredi*, 17 Conn. App. 602, 621, 555 A.2d 436 (1989), aff'd, 213 Conn. 500, 569 A.2d 506, cert. denied, 498 U.S. 818, 111 S. Ct. 62, 112 L. Ed. 2d 37 (1990).

a firearm as a lesser included offense of murder when there is no allegation that the defendant committed the murder by the use of a firearm. See *State* v. *Guess*, supra, 39 Conn. App. 238. This is because the crime of manslaughter in the first degree with a firearm would require proof of an additional element, namely the use of a firearm, that is not a necessary element to the crime of murder as alleged; see *State* v. *Falcon*, supra, 26 Conn. App. 265–66; and, therefore, it would be possible to commit the greater offense without having first committed the lesser.

The defendant argues that in *Falcon* and *Guess*, "this court considered the identical issue raised here, finding that the offense of manslaughter in the first degree with a firearm is not a lesser included offense of murder when the information fails to allege that a firearm was used in the commission of the murder." In both of the cases cited there was no allegation in the information that a firearm was used in the commission of the crime. Neither case, however, discussed a bill of particulars. In *State* v. *Guess*, supra, 39 Conn. App. 237, the state urged this court to consider other counts in the information, which referred to the use of a handgun, and to the probable cause hearing to supply the missing element, namely, the use of a handgun. This court declined to do so. In *State* v. *Falcon*, supra, 26 Conn. App. 266, this court held that "it is simply irrelevant that the evidence adduced at trial could have supported the additional element of use of a firearm."

In this case, the state is asking this court to consider the information and the bill of particulars together in determining whether there was an allegation that the defendant committed the murder by means of a firearm. We have held that it is appropriate for this court to "look at the statutes, the information and the *bill of particulars* . . . to determine what constitutes a lesser included offense of the offense charged."

(Emphasis added.) Id. We must decide, therefore, whether it is possible to commit murder, in the manner described in the information *and the bill of particulars,* without first having committed manslaughter in the first degree with a firearm.

The state charged the defendant in a substitute information with, inter alia, aiding and abetting murder in violation of §§ 53a-8 (a) and 53a-54a (a). On March 24, 1997, prior to trial, the state filed a supplemental bill of particulars.[5] The bill of particulars alleged that the defendant committed the charged offenses in the following manner: "The defendant, accompanied by two others, agreed to go to 66-68 York Street, Waterbury, Connecticut *to kill Donald Bedard by means of a deadly weapon.* . . . The defendant and at least one other person went into 66-68 York Street and *shot and killed Donald Bedard* and removed a box which contained money." (Emphasis added.) Count two of the substitute information provided that the defendant "did commit the crime of murder in violation of [General Statutes] §§ 53a-8 (a) and 53a-54a (a) in that on or about January 21, 1996, at or about 9 a.m., at or near 66-68 York Street, Waterbury, [Connecticut], the said [defendant] acting with the intent to cause the death of another person, solicited and intentionally aided another person to cause the death of another person, to wit: Donald Bedard." The defendant, therefore, was given notice through the information and the bill of particulars that

---

[5] We note that in this case as in *State* v. *Cole,* 8 Conn. App. 545, 554–56, 513 A.2d 752 (1986), a substitute long form information was filed which did not include the factual details included in a bill of particulars filed prior to the information as is required by Practice Book § 41-20 et seq., formerly § 831 et seq. We find that this omission was harmless since there was no difference between the informations filed before and after the filing of the bill of particulars and, when the information and the bill of particulars were read together, they informed the defendant of the charges against him with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise.

he was charged with the crime of aiding and abetting murder, and that it was alleged that he and his associates shot and killed the victim by means of a deadly weapon.

Section 53a-55a (a) provides in relevant part that "[a] person is guilty of manslaughter in the first degree with a firearm when he commits manslaughter in the first degree as provided in section 53a-55, and in the commission of such offense he uses, or is armed with and threatens the use of or displays or represents by his words or conduct that he possesses a pistol, revolver, shotgun, machine gun, rifle or other firearm. . . ." A firearm is defined as "any sawed-off shotgun, machine gun, rifle, shotgun, pistol, revolver or other weapon, whether loaded or unloaded from which a shot may be discharged . . . ." General Statutes § 53a-3 (19). General Statutes § 53a-3 (6) defines a deadly weapon as "any weapon, whether loaded or unloaded, from which a shot may be discharged, or a switchblade knife, gravity knife, billy, blackjack, bludgeon, or metal knuckles. . . ."

Because the statutory definitions of firearm and deadly weapon both include a weapon from which a shot may be discharged and because a firearm is the only deadly weapon, as defined in the statutes, which is capable of shooting, it is impossible to commit murder in the manner described in the information or bill of particulars without having committed manslaughter in the first degree with a firearm. We conclude, therefore, that the notice contained in the bill of particulars and the information was adequate to inform the defendant that a firearm was used in the commission of the murder. The trial court, therefore, properly instructed the jury that aiding and abetting manslaughter in the first degree with a firearm is a lesser included offense of aiding and abetting murder.

The judgment is affirmed.

In this opinion the other judges concurred.