## GEORGE FIGUEROA III *v.* COMMISSIONER OF CORRECTION
## (AC 28555)

Flynn, C. J., and Lavine and Peters, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued October 27, 2009—officially released September 21, 2010

*George Figueroa III*, pro se, the appellant (petitioner).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, *Linda N. Howe*, former senior assistant state's attorney, and *Linda Currie-Zeffiro*, assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, C. J. Article third, § 1, of our state constitution provides for a particular style of the laws enacted by the Senate and the House of Representatives. Each such law's enactment clause must read: "Be it enacted by the Senate and House of Representatives in General Assembly convened." Conn. Const., art. III, § 1. The appeal before us arises out of the trial court's granting of the respondent commissioner of correction's motion to dismiss the petition for a writ of habeas corpus in which the petitioner, George Figueroa III, claimed that this constitutional provision was not complied with following amendments to General Statutes §§ 53a-54a and 29-35, and that his conviction of murder of John Corbett and of carrying a pistol or revolver without a permit, respectively, should therefore be voided. It is undisputed that for the relevant year in which § 53a-54a, which prohibits the crime of murder and under which the petitioner was charged, was amended, the publication of the public acts did not contain the constitutionally required enactment clause as a preface to each public act so published. See Public Acts 1992, No. 92-260, § 26 (P.A. 92-260). Instead, the preface to the 1992 Public Acts states: "In preparing the engrossed bills for photo-composition the tradition of deleting the enactment clause has been followed to conserve paper . . . ." The petitioner makes a similar claim of infirmity

arising from the failure to print the enactment clause before each public act regarding § 29-35, prohibiting carrying a pistol or revolver without a permit, which was amended by Public Acts 1988, No. 88-128, § 1 (P.A. 88-128). The 1988 Public Acts contains the same prefatory language regarding deletion of the enactment clause for conservation purposes as does the 1992 Public Acts. The petitioner appeals following the habeas court's denial of his petition for certification to appeal to this court and requests reversal of the habeas court's decision on the merits or whatever other relief is deemed necessary and appropriate. We disagree with the petitioner's claims and dismiss the appeal.

The following facts are pertinent. In 1997, the petitioner, after a dispute with Corbett that had occurred two years earlier, armed himself with a gun and shot Corbett to death on Lilac Street in New Haven. *State v. Figueroa*, 74 Conn. App. 165, 166–68, 810 A.2d 319 (2002), cert. denied, 262 Conn. 947, 815 A.2d 677 (2003). After his conviction, he was sentenced, for the crime of murder in violation of § 53a-54a and for carrying a pistol or revolver without a permit in violation of § 29-35, to a total effective sentence of sixty years imprisonment. The petition for a writ of habeas corpus was dated January 11 and filed with the clerk on August 14, 2006, and dismissed by the court on the respondent's motion under the authority of Practice Book § 23-29 for failure to state a claim on which relief could be granted. The habeas court concluded that the absence of the enactment clause in published versions of the public acts in question did not render the corresponding statutes invalid. The court subsequently denied certification to appeal pursuant to General Statutes § 52-470.

The petitioner represented himself at trial and on appeal. After a careful reading of his brief and listening to his oral argument, the petitioner's claims can be summarized fairly in the following way: (1) the statutory

prohibitions against murder and carrying a pistol or revolver without a permit found in §§ 53a-54a and 29-35, respectively, were unconstitutional enactments because the amendments made in 1992 and 1988 lacked the enactment clause the constitution mandates; (2) because these enactments set forth in P.A. 92-260, § 26, repealing, reenacting and amending § 53a-54a and P.A. 88-128, § 1, repealing, reenacting and amending § 29-35, were unconstitutional nullities, the state's charging documents, which asserted the crimes as amended against him, were invalid and there was no jurisdiction of the court over him; and (3) the failure to include the enactment clauses deprived him of due process, notice of the nature and cause of the accusation contained in the information and equal protection, and, thus, his prosecution violated the fifth, sixth and fourteenth amendments to the United States constitution.

Before turning to the petitioner's claims, we note our standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion." *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 616. "If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." Id., 612.

"The conclusions reached by the [habeas] court in its decision to dismiss the habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically

correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Young* v. *Commissioner of Correction*, 104 Conn. App. 188, 193, 932 A.2d 467 (2007), cert. denied, 285 Conn. 907, 942 A.2d 416 (2008). Furthermore, the petitioner's appeal raises constitutional questions, our review of which is also plenary. See *Perricone* v. *Perricone*, 292 Conn. 187, 199, 972 A.2d 666 (2009).

We first address the petitioner's first two claims. He maintains that the amendments to §§ 53a-54a and 29-35 were void because the enactment clause required by the constitution was omitted from P.A. 92-260 and P.A. 88-128, which repealed, reenacted and amended the statutes. The enactment clause form required by our state constitution is mandatory. "Whatever . . . [the constitution] prescribes, the General Assembly, and every officer or citizen to whom the mandate is addressed, must do; and whatever it prohibits, the General Assembly, and every officer and citizen, must refrain from doing; and if either attempt to do that which is prescribed, in any other manner than that prescribed, or to do in any manner that which is prohibited, their action is repugnant to that supreme and paramount law, and invalid." (Internal quotation marks omitted.) *Caldwell* v. *Meskill*, 164 Conn. 299, 314–15, 320 A.2d 788 (1973), quoting *Opinion of the Judges*, 30 Conn. 591, 593–94 (1862). "In a majority of jurisdictions, the constitutional form of an enacting clause must be set forth in exact conformity . . . in every act." 1A N. Singer & J. Singer, Sutherland Statutory Construction (7th Ed. 2009) § 19:2, p. 111.

The respondent contends, and we agree, that the petitioner has conflated the constitutional requirement of article third, § 1, with the statutory provision requiring publication of the public acts found in General Statutes § 2-58.[1] Article third, § 1, requires that the "style"

---

[1] General Statutes § 2-58 provides: "The legislative commissioners shall prepare as soon as possible after the adjournment of each regular session

of the laws enacted by the General Assembly shall be: "Be it enacted by the Senate and House of Representatives in General Assembly convened." The plain language of this constitutional provision refers to laws enacted by both houses of the legislature that become law either because the governor has signed them, or, not having vetoed them, has allowed them to become law without his or her signature, and those laws repassed by a two-thirds majority of each house following a gubernatorial veto. Under our authority to take judicial notice of legislative enactments; see *Perkins* v. *Coffin*, 84 Conn. 275, 304, 79 A. 1070 (1911); we have reviewed the contents of the originals of the public acts that are subject of the petitioner's appeal, which the secretary of the state is constitutionally required to keep for safekeeping and which have been entrusted by her to the Connecticut state library for that purpose. See *State* v. *South Norwalk*, 77 Conn. 257, 264–65, 58 A. 759 (1904); *Eld* v. *Gorham*, 20 Conn. 8, 16 (1849). These originals both contain the enactment clause required by our state constitution. We therefore agree with the respondent that there simply is no constitutional infirmity in either public act caused by a lack of that prefatory language in that the actual bills passed by the legislature both contained that clause.

We hold that the enactment of a law by the General Assembly transmitted to the secretary of the state with the governor's signature, or repassed by a two-thirds majority of each house after a gubernatorial veto, or

of the General Assembly an edition of the public and special acts passed at such regular session in the form of engrossed bills, in numerical order and with a suitable index. The Joint Committee on Legislative Management shall cause to be published such number of copies of such edition of engrossed bills as said committee deems adequate and shall fix the price at which the same shall be sold. The publication shall be under the supervision of said commissioners, who shall affix thereto their certificate that said public and special acts are correct copies of those engrossed and on file in the office of the Secretary of the State."

which the governor allowed to become law without his or her signature, is compliant with the constitutionally mandated enactment clause if that law contains the required enactment clause. The plain language of the constitution refers only to laws passed by the General Assembly, not to published compilations of all the laws passed by the legislature in a given session, which are required to be prepared and published by § 2-58. Section 2-58 requires the legislative commissioners to prepare after each legislative session's adjournment "an edition of the public and special acts passed at such regular session in the form of engrossed bills . . . ." The legislative commissioners are required to affix a certificate to the compilation indicating that their compilation contains correct copies of "those [public and special acts] engrossed and on file in the office of the Secretary of the State." General Statutes § 2-58. This is a statutory mandate, apart from the constitutional requirement of article third, § 1. Our state's constitutionally mandated enactment clause was present in both pertinent acts passed by the General Assembly, P.A. 92-260 and P.A. 88-128, and, therefore, neither public act is void for lack of it, nor should the petitioner's conviction be voided on that ground.

We next turn to the petitioner's claim that failure to include the enactment clause in published editions of the Public Acts deprived him of notice of the statutory provisions, due process and equal protection of the laws and therefore violated his rights under the fifth, sixth and fourteenth amendments to the United States constitution. Although couched in the labels of these precise amendments, the heart of the petitioner's claim is a challenge to the fundamental fairness of the criminal proceedings against him, which implicates due process. "[B]y due process is meant one which, following the forms of law, is appropriate to the case, and just to the parties to be affected. It must be pursued in the ordinary

mode prescribed by the law; it must be adapted to the end to be attained; and wherever it is necessary for the protection of the parties, it must give them an opportunity to be heard respecting the justice of the judgment sought." (Internal quotation marks omitted.) *Joint Anti-Fascist Refugee Committee* v. *McGrath*, 341 U.S. 123, 162, 71 S. Ct. 624, 95 L. Ed. 817 (1951) (Frankfurter, J., concurring).

We first note that when the murder and weapons statutes at issue were amended properly, the petitioner and all others were on notice of their provisions. In Connecticut, laws can be specified to be effective on passage or, if not so specified, they are effective on the ensuing first day of October, unless a later day or dates are specified in the statute as to specific provisions. General Statutes § 2-32.

We also take judicial notice that the compilations of the public acts are not published on the day a law effective on passage is approved by both houses and signed by the governor, allowed to become law without signature of the governor or repassed by a two-thirds majority of the legislature following a gubernatorial veto. Our point is that it is not the publication of these acts in the Public Acts compilations that makes them effective against members of the public, but their lawful passage by the General Assembly.

The petitioner's claim that the failure to include the enactment clause in the published public acts deprived him of notice of the nature of the charges against him is without merit. The information submitted by the state provided the petitioner with notice that the state sought to prove he was guilty of murder in violation of § 53a-54a and of carrying a pistol or revolver without a permit in violation of § 29-35. There can be no doubt but that the *substance* of those criminal statutes—the acts that the statutes prohibited—was widely available to the

petitioner by virtue of their publication by the legislative commissioners under the authority of § 2-58. This is so even without the inclusion of the enactment clause in the published volumes of the public acts. The prefaces to those public act compilations referenced the enactment clause and explained its absence. Further, the prefaces contained the certification of the legislative commissioners that the publication contained "a correct copy of the laws enacted by [the] General Assembly . . . as engrossed and on file in the office of the Secretary of the State." As has been stated, the original copies of the pertinent public acts on file with the secretary of the state's office contained the enactment clause in full. A member of the public encountering the published public acts in question here and desiring confirmation that the publication reflected a duly enacted law of the General Assembly would therefore be directed by the prefaces to these original copies, where such confirmation would be evident. To credit the petitioner's argument that the lack of the enactment clause in the published versions of the public acts here violated his constitutional right to due process truly would be to elevate form over substance. This we will not do.

On the basis of the foregoing analysis, we conclude that the petitioner has not shown that the issues raised with regard to the court's dismissal of his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserved encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. Accordingly, the petitioner has failed to demonstrate that the court's denial of his petition for certification to appeal constituted an abuse of discretion.

The appeal is dismissed.

In this opinion the other judges concurred.