# TARRANCE LAWRENCE *v.* COMMISSIONER
# OF CORRECTION
# (AC 30714)

Bishop, Harper and Pellegrino, Js.

Argued October 29—officially released December 28, 2010

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Jeffrey Robert Struski*, special deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

BISHOP, J. The petitioner, Tarrance Lawrence, appeals following the denial of his petition for certification to appeal from the summary judgment rendered in favor of the respondent, the commissioner of correction, on his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly (1) granted the respondent's motion for summary judgment and (2) denied the petition for certification to appeal. We dismiss the appeal.

The following facts and procedural history are relevant to our disposition of the petitioner's appeal. At the petitioner's murder trial in July, 1999, special public defender Donald Dakers requested a jury instruction on the lesser included offense of manslaughter in the first degree with a firearm. The trial court, accordingly, instructed the jury that if it found that the state had proved the elements of murder but the petitioner had proved the affirmative defense of extreme emotional disturbance, it must find him guilty of manslaughter in the first degree with a firearm. Subsequently, he was convicted of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a, carrying a pistol without a permit in violation of General

Statutes § 29-35 (a) and tampering with physical evidence in violation of General Statutes § 53a-155 (a) (1). On December 3, 1999, he was sentenced to thirty-five years on the manslaughter count, two years for carrying a pistol without a permit and three years for tampering with physical evidence, to be served concurrently.

On direct appeal, the petitioner claimed that the court had instructed the jury improperly on the presumption of innocence, and we affirmed the conviction. See *State v. Lawrence*, 67 Conn. App. 284, 786 A.2d 1227 (2001), cert. denied, 259 Conn. 919, 791 A.2d 567 (2002). He subsequently filed a motion to correct an illegal sentence, pursuant to Practice Book § 43-22, alleging that he had been convicted under the wrong manslaughter statute. The trial court denied the motion for lack of jurisdiction, and our Supreme Court affirmed that judgment. See *State v. Lawrence*, 281 Conn. 147, 913 A.2d 428 (2007).

On August 17, 2006, the defendant filed a petition for a writ of habeas corpus. In his amended petition of April 28, 2008, he claimed ineffective assistance of trial counsel on the ground that Dakers had requested a jury charge under the wrong manslaughter statute and ineffective assistance of appellate counsel for failure to raise a claim on direct appeal challenging the propriety of a conviction under that statute. The respondent filed a motion for summary judgment on June 24, 2008, on the ground that the petition presented no genuine issue of material fact and could be decided as a matter of law. After hearing oral argument on the motion on October 10, 2008, the habeas court rendered summary judgment in favor of the respondent on November 26, 2008. The court denied the petitioner's petition for certification to appeal on December 4, 2008. This appeal followed.

We begin by setting forth the standard of review. "Faced with the habeas court's denial of certification

to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted; internal quotation marks omitted.) *Figueroa* v. *Commissioner of Correction*, 123 Conn. App. 862, 866, 3 A.3d 202 (2010), quoting *Simms* v. *Warden*, 230 Conn. 608, 612, 616, 646 A.2d 126 (1994).

To conduct this analysis, therefore, we must examine the habeas court's rendering of summary judgment. Practice Book § 23-37 provides in relevant part that a habeas court may grant summary judgment "if the pleadings, affidavits and any other evidence submitted show that there is no genuine issue of material fact between the parties requiring a trial and the moving party is entitled to judgment as a matter of law." On review from the granting of a motion for summary judgment, our task is to determine whether the court correctly determined that the moving party was entitled, as a matter of law, to summary judgment on the basis of the absence of any genuine issues of material fact requiring a trial. Because this inquiry requires a legal determination, our review is plenary. *Newsome* v. *Commissioner of Correction*, 109 Conn. App. 159, 163, 951 A.2d 582, cert. denied, 289 Conn. 918, 957 A.2d 878 (2008).

In support of his claim that the court improperly rendered summary judgment in favor of the respondent, the petitioner claims that the court improperly found that he could not demonstrate that he was prejudiced

by the ineffective assistance of counsel and improperly failed to conduct an evidentiary hearing before rendering judgment. We are not persuaded.

We turn first to the claim that the petitioner was prejudiced by the actions of his counsel. "To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied. . . . It is well settled that [a] reviewing court can find against a petitioner on *either* ground, whichever is easier." (Emphasis in original; internal quotation marks omitted.) *Tuck* v. *Commissioner of Correction*, 123 Conn. App. 189, 194, 1 A.3d 1111 (2010).

The habeas petition was premised on the assertion that both trial and appellate counsel should have argued that the petitioner was entitled to a charge on manslaughter in the first degree under General Statutes § 53a-55[1] as a lesser included offense of murder. Instead,

[1] General Statutes § 53a-55 (a) provides: "A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person; or (2) with intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he committed the proscribed act or acts under the influence of extreme emotional disturbance, as provided in subsection (a) of section 53a-54a, except that the fact that homicide was committed under the influence of extreme emotional disturbance constitutes a mitigating circumstance reducing murder to manslaughter in the first degree and

trial counsel requested a charge on manslaughter in the first degree *with a firearm* under § 53a-55a,[2] which carries a higher penalty.[3] In its memorandum of decision, the habeas court found that the petitioner "was not entitled to receive an instruction on manslaughter in the first degree even if requested" and, therefore, that the petitioner was not prejudiced by counsel's actions. We agree.

The difference between the two first degree manslaughter statutes is that § 53a-55a requires the state to prove not only the essential elements of manslaughter in the first degree as defined in § 53a-55 but also an extra element, namely, that the defendant used or threatened to use a firearm in the commission of that crime. In the present case, the information specifically charged the petitioner with "caus[ing] the death of [the victim] by the use of a firearm . . . ." (Internal quotation marks omitted.) Given that the state assumed the burden of proving this element in charging the petitioner with having committed murder with a firearm, there is no support in our jurisprudence for the petitioner's argument that he was entitled to an instruction on manslaughter in the first degree under § 53a-55 rather

---

need not be proved in any prosecution initiated under this subsection; or (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

[2] General Statutes § 53a-55a (a) provides: "A person is guilty of manslaughter in the first degree with a firearm when he commits manslaughter in the first degree as provided in section 53a-55, and in the commission of such offense he uses, or is armed with and threatens the use of or displays or represents by his words or conduct that he possesses a pistol, revolver, shotgun, machine gun, rifle or other firearm. No person shall be found guilty of manslaughter in the first degree and manslaughter in the first degree with a firearm upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information."

[3] The penalty for manslaughter in the first degree may not exceed twenty years; General Statutes § 53a-35a (6); whereas the penalty for manslaughter in the first degree with a firearm may not exceed forty years. General Statutes § 53a-35a (5).

than manslaughter in the first degree with a firearm under § 53a-55a. To the contrary, where the state files an information charging a defendant with murder committed with a firearm, our appellate courts consistently have held that it is proper to instruct the jury on the lesser included offense of manslaughter in the first degree *with a firearm*. See, e.g., *State* v. *Tomlin*, 266 Conn. 608, 621, 835 A.2d 12 (2003); *State* v. *Rosario*, 82 Conn. App. 691, 698–99, 846 A.2d 926, cert. denied, 270 Conn. 902, 853 A.2d 521 (2004); *State* v. *Ferreira*, 54 Conn. App. 763, 769–70, 739 A.2d 266, cert. denied, 251 Conn. 916, 740 A.2d 866 (1999); cf. *State* v. *Greene*, 274 Conn. 134, 157, 874 A.2d 750 (2005), cert. denied, 548 U.S. 926, 126 S. Ct. 2981, 165 L. Ed. 2d 988 (2006). Consequently, the record reflects that trial counsel sought and received a charge on the proper lesser included offense and, therefore, did not render ineffective assistance under *Strickland*. For the same reason, appellate counsel was not deficient in failing to raise this issue on appeal.

We next turn to the petitioner's claim that he was entitled to an evidentiary hearing in the habeas court prior to the rendering of summary judgment. Although decisional law suggests that a habeas petitioner is entitled to present evidence on new claims; see *Mitchell* v. *Commissioner of Correction*, 93 Conn. App. 719, 725–26, 891 A.2d 25, cert. denied, 278 Conn. 902, 896 A.2d 104 (2006);[4] that general proposition cannot be interpreted reasonably as meaning that the court must afford a petitioner an evidentiary hearing when the record plainly shows no genuine issue of material fact and the application of the law requires no evidentiary exposition. To conclude otherwise would be to eviscerate

---

[4] *Mitchell* interprets General Statutes § 52-470 (a), which provides: "The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require."

Practice Book § 23-37, which, as noted, provides that the habeas court may grant summary judgment upon its determination that no genuine issue of material fact exists so as to entitle the petitioner to a trial.

Here, the habeas petition was premised on the assertion that the petitioner was entitled to a jury instruction on manslaughter in the first degree under § 53a-55. "Whether one offense is a lesser included offense of another presents a question of law." *State* v. *Tomlin*, supra, 266 Conn. 615. Accordingly, faced only with this legal question, the habeas court properly concluded that there was no genuine issue of material fact and that no evidentiary hearing was required prior to rendering summary judgment on the petition.

Having reviewed the record, we conclude that, on the basis of the summary judgment properly rendered by the habeas court, the issue of whether trial and appellate counsel provided effective assistance is not debatable among jurists of reason, could not have been determined in a different manner and does not deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. Therefore, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.